IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY WEST,

                              Plaintiff,

  v.

GUNDERSON HEALTH SYSTEM,

                              Defendant.

OPINION and ORDER

25-cv-486-jdp

---

Plaintiff Troy West, proceeding without counsel, alleges that hospital staff forcibly withdrew his blood against his will and without a warrant. West brings claims against the hospital staff's employer, defendant Gunderson Health System, under the Fourth and Fourteenth Amendments.

West seeks leave to proceed without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept West's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will stay this case because adjudicating West's claims would unduly interfere with his state prosecution.

BACKGROUND

On March 12, 2023, law enforcement officers in La Crosse, Wisconsin, stopped West's vehicle. Dkt. 1 at 2. West refused a field sobriety test, and he was transported to Gunderson Hospital. *Id.* There, hospital staff held him down and withdrew his blood even though a search

warrant hadn't been obtained. *Id.* The next day, West was charged with operating a motor vehicle while intoxicated and several counts of bail jumping in connection with the traffic stop. *See* La Crosse Case No. 2023CF222. Those charges are pending in the state circuit court. In his complaint here, West seeks damages and injunctive relief.

## ANALYSIS

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). *Younger* applies to both claims for injunctive relief and damages. *Simpson v. Rowan*, 73 F.3d 134, 137–38 (7th Cir. 1995). If *Younger* applies and the plaintiff seeks damages, courts must stay the case instead of dismissing it. *See id.*; *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

West alleges that he was forcibly subjected to a blood test against his will and without a warrant in violation of the Fourth and Fourteenth Amendments. Adjudicating these claims in this case would unduly interfere with his pending prosecution, so I will stay this case pursuant to *Younger*.

## ORDER

IT IS ORDERED that:

1. This case is STAYED and CLOSED pursuant to *Younger*.

2. West must move to lift the stay within 30 days after the conclusion of the above criminal proceedings, including the direct appeals. If West fails to comply with this order, the case will remain closed, and West may be barred by the statute of limitations from bringing his claims in any future case.

Entered July 9, 2025.

>					BY THE COURT:
>
>					/s/
>
>					_____
>					JAMES D. PETERSON
>					District Judge